## STATE v. WILLIAM H. BROWN.

Argued June 18, 1923—Decided June 20, 1923.

**Change of Venue—Foreign Jury—Grounds of Application.**

On indictment. On petition for foreign jury.

Before Justices KALISCH and KATZENBACH.

For the petitioner, *Merritt Lane.*

For the state, *John Milton.*

PER CURIAM.

This is an application to either (1) order a foreign jury for the trial of an indictment found by the Hudson county grand jury against William H. Brown for the carnal abuse of Dorothy Ebeling, or (2) allow a writ of *certiorari* to bring the indictment to this court, to the end that it may be sent to another county for trial.

The reasons advanced by the petitioner are, first, that the defendant has been the representative of owners of real estate in Jersey City, and has been active in collecting rents, and where tenants have defaulted in payment of rents, active in prosecuting eviction cases; that this line of employment has created an antagonism which makes it impossible to draw a jury for the trial of the indictment which will not be prejudiced against the defendant; second, that within the past two weeks the defendant has had rendered against him in a civil action verdicts in favor of Dorothy Ebeling for $5,000 and in favor of her father for $250; that the accounts of the trial of this action published in two newspapers circulating in the county of Hudson so distorted the evidence as to create a feeling of hostility toward the defendant, and third, that the jurors trying the civil action came in contact with the

panel from which the jury was to be drawn for the trial of the indictment which was fixed for June 19th.

The last ground influenced the court to suggest that the trial of the indictment be deferred. This suggestion was adopted by the state and the trial has been postponed.

There should be a strong reason presented to a court why either a foreign jury should be summoned for a trial or an indictment, or that the indictment should be sent to another county for trial. It is not a sufficient reason that the business of the defendant has made him unpopular in the community to grant either a foreign jury or to send the indictment to another county for trial.

We have read the newspapers' accounts submitted in the affidavits and the testimony. The case presented the kind of evidence that many readers of newspapers desire. We are of the opinion that the newspaper articles were sensational, but that there is no evidence that the articles were written primarily to prejudice the defendant in the community. These articles will soon be forgotten by the readers, and, as the trial of this indictment will probably not take place until the fall term of court, we have concluded that it is inadvisable to allow either a foreign jury or a writ of *certiorari* to bring the indictment to this court for the purpose of sending it to another county for trial. It was stated upon the argument that a jury could not be struck in Hudson county which would give to the defendant a fair trial, because of the reasons heretofore stated. We are of the opinion, however, that a jury struck from the citizens of Hudson county would try this case according to the evidence presented and not be influenced by any recollections of what may have been seen in the newspapers regarding the civil action. We will order a jury be struck in this case in accordance with section 75 of the Criminal Procedure act. This, however, will be optional with the defendant. If he does not desire a struck jury the order will not be made. Otherwise, the application is denied.